NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ARIZONA BOARD OF REGENTS, *Petitioner*,

*v.*

OWEN ANDERSON, *Respondent*.

No. 1 CA-SA 25-0007

FILED 12-17-2025

Petition for Special Action from the Superior Court in Maricopa County
No. CV2024-005713
The Honorable Melissa Iyer Julian, Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

COUNSEL

Perkins Coie LLP, Phoenix, Phoenix
By Paul F. Eckstein, Joel W. Nomkin, Thomas D. Ryerson, Matthew R.
Koerner
*Counsel for Petitioner*

Norton Center for Constitutional Litigation at the
Goldwater Institute, Phoenix
By Jonathan Riches, Stacy Skankey, Parker Jackson
*Counsel for Respondent*

Fuson Law, PLLC, Phoenix
By Brunn (Beau) W. Roysden III, Katlyn J. Divis
*Counsel for Amici Curiae Warren Peterson, President of the Arizona State
Senate and Steve Montenegro, Speaker of the Arizona House of Representatives*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1 Respondent Owen Anderson, an Arizona State University employee, sued Petitioner Arizona Board of Regents alleging the University violated A.R.S. § 41-1494. Section 41-1494.A says the "state may not require an employee to engage in training, orientation or therapy that presents any form of blame or judgment on the basis of race, ethnicity or sex." The Board moved to dismiss Anderson's claim under section 41-1494, arguing Anderson did not have a private right of action under that section. The superior court denied the Board's motion, ruling section 41-1494 contains an implied private right of action. The Board challenges the superior court's order. The court accepts jurisdiction and grants relief.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Anderson alleged the Board "violated and continues to violate A.R.S. § 41-1494.A because the University requires its employees to take" a training module called "Inclusive Communities." Anderson also alleged the Board violated section 41-1494.B by using taxpayer money to put on that training. Anderson sought declarative and injunctive relief. The University's Inclusive Communities module is one of three training modules the University requires its employees to take. The first two modules address legal matters, such as harassment, discrimination, and Title IX. The third, Inclusive Communities, addresses building a welcoming and supportive environment for people of diverse backgrounds and experiences.

¶3 In 2021, Arizona enacted section 41-1494. Subsection A says "[t]his state, a state agency or a city, town, county or political subdivision of this state may not require an employee to engage in training, orientation or therapy that presents any form of blame or judgment on the basis of race, ethnicity or sex." Subsection B prohibits those same public entities from "us[ing] public monies for training, orientation or therapy that presents any form of blame or judgment on the basis of race, ethnicity or sex." Subsection C requires the department of administration to submit an annual report

"that includes state agencies in compliance with this section to the governor, the president of the senate and the speaker of the house of representatives and submit a copy of this report to the secretary of state."

¶4        The Board moved to dismiss Anderson's complaint, arguing section 41-1494 contains no private right of action, express or implied. The superior court denied the Board's motion to dismiss, acknowledging section 41-1494 contains no express private right of action, but concluding it "implies a private right of action for aggrieved employees who are subject to" trainings in violation of the statute.[1] The Board seeks relief from that ruling.

## SPECIAL ACTION JURISDICTION

¶5        The court may accept jurisdiction to resolve a threshold issue of subject matter jurisdiction, like whether a private right of action exists. *See Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593 ¶ 8 (App. 2009); *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229 (9th. Cir. 2008) (noting lack of a private right of action equates to a lack of subject matter jurisdiction). The Board's special action also involves "a purely legal question of first impression," for which special action review is appropriate. *Cook v. Russell*, 258 Ariz. 265, 268 ¶ 12 (App. 2024). The court thus accepts special action jurisdiction.

## DISCUSSION

I.        **Section 41-1494 unambiguously does not include an express private right of action.**

¶6        The court reviews questions of statutory interpretation *de novo. J.L.F. v. Ariz. Health Care Cost Containment Sys.*, 208 Ariz. 159, 161 ¶ 10 (App. 2004).

      A.        **Section 41-1494's plain language controls the court's interpretation.**

¶7        Historically, the Arizona Supreme Court said the court's primary objective when interpreting a statute is to give effect to the legislature's intent. *See State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, 437–40 ¶¶ 23–36 (2023) (Bolick, J., concurring joined by Beene, J., Montgomery, J., and King, J.). In a special concurrence to *Tunkey*, a majority

---

[1] The superior court dismissed another party who alleged injuries as "a resident and a state taxpayer."

of the members of the current Arizona Supreme Court rejected "discern[ing] and giv[ing] effect to legislative intent" as the goal of statutory interpretation. *Id.* at 437 ¶ 23 (quoting *Ariz. Dep't of Revenue v. Action Marine*, 218 Ariz. 141, 143 ¶ 10 (2008)). Most of our justices explained the intent behind legislation is "never an object [of statutory interpretation] itself" but is simply "a means to discern statutory meaning." *Id.* at 438 ¶ 27. Even "[i]f the legislature agrees on findings, purposes, or definitions," they are but "prisms" through which the court determines statutory meaning. *Id.* As those justices explained, "the words of a statute" are not the best evidence of legislative intent. *Id.* ¶ 25. They "are not 'evidence' of anything. They are the law." *Id.* ¶ 26.

¶8            A statute's plain language thus guides the court's interpretation. *See Ariz. Advoc. Network Found. v. State*, 250 Ariz. 109, 114 ¶ 19 (App. 2020). "Generally, if a statute is clear, we . . . assum[e] that the legislature has said what it means." *Hughes v. Jorgenson*, 203 Ariz. 71, 73 ¶ 11 (2002). The court will not "enlarge, stretch, expand, or extend a statute to matters not falling within its express provisions." *Fitzgerald v. Myers*, 243 Ariz. 84, 89 ¶ 13 (2017) (quoting *State ex rel. Morrison v. Anway*, 87 Ariz. 206, 209 (1960).

¶9            When interpreting a statute, the court gives statutory "terms their ordinary and commonly accepted meaning, unless the legislature has provided a specific definition." *JH2K I LLC v. Ariz. Dep't of Health Servs.*, 246 Ariz. 307, 310 ¶ 9 (App. 2019). The court determines "the plain meaning of the words the legislature chose" by viewing those words "in their broader statutory context." *In re Drummond*, 257 Ariz. 15, 18 ¶ 5 (2024) (citation omitted). If the statute's plain language is unambiguous, the court "must give effect to that language without employing other rules of statutory construction." *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323 ¶ 11 (App. 2017). "Unless there is ambiguity in a provision's meaning, or a provision's plain meaning would produce absurd results, [the court's] inquiry 'begins and ends with the plain meaning of the legislature's chosen words, read within the overall statutory context.'" *Pima Cnty. v. State*, 258 Ariz. 11, 15–16 ¶ 23 (2024) (quotation omitted); *Franklin v. CSAA Gen. Ins.*, 255 Ariz. 409, 411 ¶ 8 (2023).

¶10          When the court construes unambiguous statutory terms, it looks "to the statute as a whole and . . . may also consider statutes that are *in pari materia*—of the same subject or general purpose—for guidance and to give effect to all of the provisions involved." *Drummond*, 257 Ariz. at 18 ¶ 5 (quoting *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017)). In doing so, the court gives "meaning, if possible, to every word and provision so that

no word or provision is rendered superfluous." *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019). And as the legislature has charged, the court must construe statutes "liberally . . . to effect their objects and to promote justice." A.R.S. § 1-211.B. But the court always is "constrained from rewriting the law under the guise of interpreting it even if [the court] divine[s] a more desirable intended outcome than the text allows." *Ariz. Free Enter. Club v. Hobbs*, 253 Ariz. 478, 489 ¶ 38 (2022).

**¶11** Only when the statutory language is ambiguous may the court resort to "alternative methods of statutory construction, including examining the rule's historical background, its spirit and purpose, and the effects and consequences of competing interpretations." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142 ¶ 17 (2024) (citation omitted). A statute is ambiguous if "it can be reasonably read in two ways." *Id.* A statute also may be ambiguous if applying its plain language would lead to absurd results. *Bilke v. State*, 206 Ariz. 462, 464 ¶ 11 (2003). "An absurd result is one 'so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion.'" *Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240 ¶ 12 (App. 2006) (quoting *State v. Estrada*, 201 Ariz. 247, 251 ¶ 17 (2001)). But a statute's silence on a matter alone does not create ambiguity. *See Planned Parenthood Ariz., Inc.*, 257 Ariz. at 146 ¶ 40 ("We typically do not infer legislative intent from silence."); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 94 (2012) ("The absent provision cannot be supplied by the courts. What the legislature 'would have wanted,' it did not provide, and that is the end of the matter.").

### B. Section 41-1494 unambiguously does not create a private right of action.

**¶12** Subsection 41-1494.A prohibits public entities from requiring an employee to participate in education programs presenting "any form of blame or judgment on the basis of race, ethnicity or sex." Subsection B prohibits "us[ing] public monies for" those education programs, even if voluntary. And subsection C requires an annual compliance report. Nothing in the statute's plain language "can be reasonably read in two ways" to suggest an implied private right of action. *See Planned Parenthood Ariz., Inc.*, 257 Ariz. at 142 ¶ 17.

**¶13** The absence of a private right of action in the statute is not "irrational, unnatural, nor inconvenient," let alone so much so that "persons with ordinary intelligence and discretion," such as Arizona's legislators and governor, would inadvertently omit it. *See Evans*

*Withycombe, Inc.*, 215 Ariz. at 240 ¶ 12 (quoting *State v. Estrada*, 201 Ariz. 247, 251 ¶ 17 (2001)). And the statute's silence on a matter creates no ambiguity. *See Planned Parenthood Ariz., Inc.*, 257 Ariz. at 147 ¶ 40.

### C. The court does not cause absurd results by adopting the Board's reasoning.

**¶14** Anderson next argues the court's interpretation would result in an absurd outcome. He argues subsection 41-1494.C is an "insufficient" enforcement mechanism because that subsection just requires "state agencies" to report their compliance. He argues "cities, towns, counties, and other political subdivisions" need not file such reports even though subsections 41-1494.A and .B also regulate those entities. Not so.

**¶15** When the legislature enacted section 41-1494, it amended other statutes, requiring those other political subdivisions to "demonstrate compliance with § 41-1494." A.R.S. §§ 11-661.D (counties), 9-481.H (cities and towns), 15-1473.F (community college districts). Section 41-1494's statutory scheme thus provides a comprehensive means to ensure all the enumerated political divisions comply with it. If the department of administration does not provide the required report of "the agencies in compliance" or the other political subdivisions do not "demonstrate compliance with § 41-1494," a mandamus action may lie to compel them to do so. *See* A.R.S. § 12-2021; *see also Reeves v. Barlow*, 227 Ariz. 38, 41 ¶ 10 (App. 2011) ("Mandamus is a remedy used to compel a public officer to perform a duty required by law.") (quoting *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 464 ¶ 9 (App. 2007)).

**¶16** Interpreting section 41-1494 as not providing a private right of action thus does not result in any absurdity.

### II. The court declines to address Amici's argument about Anderson's ability to pursue equitable or declaratory relief.

**¶17** Beyond whether section 41-1494 grants a private right of action, Amici argues the court "has equity jurisdiction when a right exists that cannot be adequately protected by common law remedies" because section 41-1494 does not create a "complete remedy." *See State Comp. Fund v. Ireland*, 174 Ariz. 490, 495 n.4 (App. 1992), *disapproved on other grounds by Carter v. Indus. Comm'n of Ariz.*, 182 Ariz. 128 (1995); *Rodgers v. Huckelberry*, 247 Ariz. 426, 430 ¶¶ 15–17 (App. 1992). In *State Compensation Fund*, the court said, "absent a legislative procedure for enforcing statutory liability, equity can be utilized for enforcement." 174 Ariz. at 495 n.4 (citing *Roberts v. Spray*, 71 Ariz. 60, 67 (1950)). In *Rodgers*, the court said taxpayers were not

limited to an express statutory remedy because "taxpayers had standing and a right of action to enjoin the allegedly illegal expenditures." *Rodgers*, 247 Ariz. at 430 ¶¶ 15–17. Amici contend Anderson may assert a cause of action for injunctive relief under A.R.S. § 12-1801 to restrain the Board's alleged violation of section 41-1494 because 41-1494 does not provide the "exclusive remedy for violations." *Id.* at 430 ¶ 15. Amici also reference A.R.S. § 12-1831 as an alternative statute providing a means of obtaining equitable relief.

**¶18**        Though Anderson sought injunctive and declaratory relief in his First Amended Complaint, he did not ask the superior court to deny the Board's motion for that reason. Instead, he argued the statute included an implied private right of action. He has not commented on Amici's brief. And in his answering brief, Anderson just said:

> Of course, irrespective of an implied cause of action, Arizona law still authorizes suits in equity to enjoin unlawful government action. *See Bd. of Regents of Univ. & State Coll. v. City of Tempe*, 88 Ariz. 299, 302 (1960) ("[T]his Court has on several occasions held an injunction to be a proper remedy where it is alleged that the statute . . . is being applied in an unauthorized manner."); *Arizona Pub. Integrity All. v. Fontes*, 250 Ariz. 58, 62 ¶ 14 (2020) ("[L]ike all public officials, the Recorder may be 'enjoined from acts' that are beyond his power.").

**¶19**        The court will not consider an issue raised for the first time on appeal and presented in a single sentence without any analysis. *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 305 ¶ 19 n.7 (App. 2008) (citing *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996). Anderson did not ask the court to reverse on that basis. And he did not join in Amici's argument. Instead, Anderson argues only  section 41-1494 includes an implied private right of action. The Board sought special-action jurisdiction for that limited question. And the Board is correct.

**¶20**        The court will not resolve matters based on argument put forth by Amici. *See Ruiz v. Hull*, 191 Ariz. 441, 446 ¶ 15 (1998). "[A]mici cannot raise issues not raised below or by the parties." *White Mountain Health Ctr., Inc. v. Maricopa Cnty.*, 241 Ariz. 230, 238 ¶ 27 (App. 2016) (citing *Ruiz*, 191 Ariz. at 446 ¶ 15). Instead, appellate courts "will only decide issues raised and argued by the parties." *Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 84 (1981). The court thus leaves the issue raised by Amici for the superior court to address in due course, if the parties raise it.

**CONCLUSION**

**¶21**         Based on the Arizona Supreme Court's most recent pronouncements on statutory interpretation, the court begins and ends its analysis "with the plain meaning of the legislature's chosen words, read within the 'overall statutory context.'" *Pima Cnty.*, 258 Ariz. at 516–17 ¶ 23 (quotation omitted). Whether the court must continue to engage in additional analysis when facing a question of an implied private right of action is an issue for the Arizona Supreme Court to address.

**¶22**         The court vacates the portion of the superior court's ruling denying the Board's motion to dismiss.

